Richard Morin (SBN 285275)
Law Office of Rick Morin, PC
500 Newport Center Drive Suite 610
Newport Beach, CA 92660
Phone: (949) 996-3094
Email: legal@rickmorin.net

Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Gary Stocke,<br><br>        Plaintiff,<br>v.<br><br>Sams Dining Inc,<br><br>        Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**Jury Trial Demanded** |

Plaintiff Gary Stocke ("Plaintiff") alleges the following:

### INTRODUCTION

Plaintiff brings this action against Defendant Sams Dining Inc ("Sams Dining") for unlawfully and intentionally discriminating against Plaintiff because of Plaintiff's disability and service animal and denying Plaintiff equal access to the Desert Moon restaurant located at 888 South Brookhurst Street in Anaheim, California ("Desert Moon").

### PARTIES

1. Plaintiff is a natural person. Plaintiff is and has been considered disabled.

2. Sams Dining is a California corporation with its principal address in Anaheim, California. At all times relevant to this complaint, Sams Dining owned,

managed, operated, and/or was otherwise responsible for Desert Moon.

## JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101, et seq.

4. Pursuant to supplemental jurisdiction, 28 U.S.C. § 1367, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California state law.

5. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the Desert Moon is in this district and Plaintiff's cause of action arose in this district.

## FACTUAL ALLEGATIONS

6. Plaintiff is disabled.

7. Plaintiff suffers from post-traumatic stress disorder ("PTSD").

8. Plaintiff utilizes a service dog to help address the problems associated with his disability.

9. Plaintiff professionally trains animals, including service dogs. Plaintiff trained his service dog to, among other things, create space in public areas, detect the signs of his PTSD, prevent strangers from approaching him in public, calm Plaintiff through distraction techniques, and lead Plaintiff out of situations that trigger his PTSD.

10. For a person with PTSD, having a service dog can be an essential part of their daily life, providing them with a sense of safety and security. Allowing a person with PTSD to bring their service dog into a restaurant can make a significant difference in their ability to engage in everyday activities. Plaintiff's service dog is specifically trained to create space in public areas, detect signs of anxiety or distress, prevent strangers from approaching, and provide calming distractions. In a restaurant setting, where there may be many people and potential triggers for someone with PTSD, having a service dog present can help Plaintiff feel more comfortable and grounded.

11. On February 16, 2023, Plaintiff personally visited the Desert Moon restaurant located at 888 South Brookhurst Street in Anaheim, California. Plaintiff was there with his wife and service animal. Plaintiff and his wife were at the restaurant to meet up with a party of friends and family already at the restaurant and seated at a table for a goodbye dinner for a family member.

12. Upon entering the restaurant, the host at the Desert Moon immediately told Plaintiff that he would not be allowed to proceed any further with his service dog.

13. Plaintiff calmy and professionally told the host that his dog was a trained service dog. Plaintiff asked to speak to a manager.

14. Defendant's manager then approached Plaintiff and explicitly told Plaintiff that he would not be allowed to eat at the restaurant with his service dog.

15. More alarmingly, the manager became very aggressive and confrontational.

16. At this time, a person who identified himself as the owner of the Desert Moon approached Plaintiff.

17. Plaintiff tried to educate this individual about his rights under the ADA and that service dog discrimination was illegal.

18. Bizarrely, Defendant's employees told Plaintiff that disability access laws do not apply to the inside of the Desert Moon restaurant.

19. The owner told Plaintiff that he would not be allowed to sit with his party where they were seated in the restaurant and made it clear that he was denying service to Plaintiff because of his service dog.

20. Shocked and appalled by what was going on, and in an effort not to further disturb his party's dinner, Plaintiff and his wife decided to leave the restaurant.

21. Being told that you cannot sit with the party you came to eat with at a restaurant because of your service animal can be a humiliating and isolating experience. It can feel like a personal attack and can trigger feelings of embarrassment, anger, and shame. A person with a disability should never have to experience the indignity of being separated from their party because of their service animal.

22. Plaintiff lives less than ten miles away from the Desert Moon and he would like to return in the future once Defendant ceases its illegal and discriminatory treatment of disabled customers utilizing service dogs.

## FIRST CAUSE OF ACTION

Violations of the Americans with Disabilities Act

42 U.S.C. § 12101, et seq.

23. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

24. Title III of the ADA bans disability discrimination against an individual in places of public accommodation.

25. The Desert Moon is a public accommodation.

26. The ADA prohibits, among other types of discrimination, failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities.

27. Defendant has a policy that restricts and denies access to persons like Plaintiff.

28. Defendant's conduct knowingly and willfully excluded Plaintiff from equal access to the public accommodation.

29. As a result of Defendant's conduct, denying Plaintiff equal access to the Desert Moon, Plaintiff faces continuing discrimination. Plaintiff continues to suffer denial of access and faces the prospect of unpleasant and discriminatory treatment should Plaintiff attempt to return to the Desert Moon.

30. It is readily achievable for Defendant to provide Plaintiff and other disabled people like Plaintiff full and equal access to the Desert Moon.

31. Defendant does not have any legitimate business justification to excuse the denial of Plaintiff's equal access.

32. Plaintiff seeks relief pursuant to remedies set forth in section 204(a) of the

Civil Rights Act of 1964 (42 USC 2000(a)-3(a)), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990. Plaintiff is a disabled person for purposes of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing Plaintiff will be subjected to such discrimination each time that Plaintiff may use the property and premises, visit, or attempt to patronize the Desert Moon, in light of Sams Dining's conduct.

33. Defendant's acts have proximately caused and will continue to cause irreparable injury to Plaintiff if not enjoined by this Court.

34. Plaintiff seeks injunctive relief as to Defendant's inaccessible policies. Plaintiff seeks preliminary and permanent injunctive relief to enjoin and eliminate the discriminatory practices that deny full and equal access for disabled persons. Further, Plaintiff seeks an award of reasonable statutory attorney fees, litigation expenses, and costs.

## SECOND CAUSE OF ACTION

Violations of the Unruh Civil Rights Act

California Civil Code §§ 51-53

35. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

36. Defendant intentionally discriminated against Plaintiff, denying Plaintiff full and equal access to the Desert Moon.

37. Desert Moon is a business establishment.

38. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code 51(f).

39. Defendant's acts and omissions as specified with regard to the discriminatory treatment of Plaintiff, on the basis of Plaintiff's disabilities, have been in violation of California Civil Code §§ 51 and 51.5, the Unruh Civil Rights Act, and have denied Plaintiff's right to full and equal accommodations, advantages, facilities,

y
go

privileges, or services in all business establishments of every kind whatsoever.

40. Plaintiff was harmed.

41. Defendant's conduct was a substantial factor in causing Plaintiff's harm.

42. Defendant's conduct violated the ADA.

43. As a result of the violation of Plaintiffs civil rights protected by California Civil Code §§ 51 and 51.5, Plaintiff is entitled to the rights and remedies of California Civil Code § 52, including a trebling of actual damages, minimum statutory damages, as well as reasonable attorneys' fees and costs, as allowed by statute, according to proof.

44. Plaintiff also seeks to enjoin Defendant from violating disabled persons' rights.

## PRAYER

Plaintiff hereby prays for the following:

1. Injunctive relief enjoining Defendant from engaging in unlawful discrimination against disabled persons with service animals when visiting the Desert Moon, including, specifically, enjoining its policy of denying access to persons with service animals access to the Desert Moon without performing a good faith assessment of the reasonableness of modifying it policies to accommodate such disabled person; in addition injunctive relief compelling Defendant to establish and follow, in good faith, a policy to conduct a good faith assessment when evaluating a visitor with a service animal and/or other such injunctive relief as the deems appropriate;

2. Damages of no less than $25,000;

3. Attorney's fees pursuant to 42 U.S.C. 12205, Civil Code sections 52, Code of Civil Procedure section 1021.5, and/or other statute(s), expenses, and costs of suit;

4. Other relief that the court deems appropriate.

Dated: April 25, 2023                     Law Office of Rick Morin, PC

_____
Richard Morin
Attorney for Plaintiff